**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| WEI SHI, | Civil No. 12-2411 (PJS/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| KATHRYN KNIGHT, Director of University of Minnesota Medical Center, Fairview, | |
| Defendant. | |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket Nos. 2 and 7.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

On September 10, 2012, the state district court for Hennepin County, Minnesota, entered an order that caused Plaintiff to be civilly committed under Minnesota law. (Amended Complaint, [Docket No. 6], p. 4 ¶ 7.[1]) Plaintiff was committed to the University of Minnesota Medical Center, Fairview, and he is presently being detained there pursuant to the state court civil commitment order. The named Defendant in this case, Kathryn Knight, is identified as the "Director" of the University of Minnesota Medical

---

[1] Plaintiff was allowed to amend his complaint "once as a matter of course" pursuant to Fed. R. Civ. P. 15(a)(1), and he did so on October 18, 2012. Therefore, the case is now before the Court pursuant to Plaintiff's amended complaint, (Docket No. 6).

Center, Fairview. (Id., p. 2, ¶ 2a.) Plaintiff is seeking a judgment in this case that would cause him to be released from custody.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In this case, Plaintiff has failed to state a cause of action on which relief can be granted, because the relief that he is seeking is not available by means of a civil complaint, but only by means of a petition for a writ of habeas corpus.

It is well established that an individual who is being confined pursuant to a state court judgment can challenge his or her confinement, in federal court, only by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus") (emphasis added). See also Eutzy v. Tesar, 880 F.2d 1010, 1011 (8th Cir. 1989) ("we accept as fundamental the fact that Congress intended habeas corpus to be the exclusive federal remedy for all who seek to attack state court convictions"). Even when a plaintiff seeks only money damages, he cannot bring a non-habeas civil action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck v. Humphey, 512 U.S. 477, 483 (1994).[2]

---

[2] In Heck, the Supreme Court re-affirmed Preiser's longstanding rule that

2

The Court recognizes, of course, that Plaintiff is not presently challenging a state criminal conviction or sentence, and he is confined pursuant to a civil commitment judgment, not a criminal judgment. However, the rule set forth in Preiser, and reiterated in Heck, is fully applicable to state detainees who are confined by reason of a civil commitment order, rather than a prison sentence. See Carter v. Bickhaus, 142 Fed.Appx. 937, 938 (8th Cir. 2005) (unpublished opinion) ("[a]s for [a civilly committed civil rights complainant's] request for release, we agree with the district court that such relief is not available under 42 U.S.C. § 1983, but is properly sought in a habeas corpus petition after exhaustion of state remedies") (citing Preiser); Wertz v. County of Blair, 469 Fed.Appx. 73, 74 (3rd Cir. 2012) (unpublished opinion) ("[t]o the extent that... [a civil rights complainant] states in his complaint that he seeks immediate release from civil commitment, we note that his sole federal remedy is a writ of habeas corpus") (citing Preiser); Ring v. Appleton, 93 Fed.Appx. 993 (7th Cir. 2004) (unpublished opinion) (for a civilly committed detainee, "a writ of habeas corpus, see 28 U.S.C. § 2254, is the sole

---

prohibits a state detainee from challenging the legality of his confinement in a federal civil rights action. According to Heck –

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted).

federal remedy he may use to attack the fact or duration of his confinement") (citing Preiser); Savinski v. Thornton, 93 Fed.Appx. 923, 924 (7th Cir. 2004) (unpublished opinion) (civilly committed detainee's "goal is release, which requires use of § 2254") (citing Preiser); Rannow v. Penk, Civil No. 12-156 (ADM/JJK) (D.Minn. 2012), 2012 WL 619674 at *1 (in case brought by a civilly committed detainee, "[s]ection 1983 cannot be used to challenge the fact or duration of confinement") (citing Preiser); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (holding that Heck applies to civilly committed detainees who are confined under California's "Sexually Violent Predators Act"), cert. denied, 547 U.S. 1166 (2006); Banda v. New Jersey Special Treatment Unit Annex, 164 Fed.Appx. 286, 287 (3rd Cir.) (unpublished opinion) (Heck barred civilly committed detainee's lawsuit that challenged the legality of his commitment proceedings, "because a favorable outcome would necessarily imply the invalidity of his confinement"), cert. denied, 547 U.S. 1183 (2006); Talbot v. Loya, No. 4:03CV3400 (D.Neb. 2005), 2005 WL 2765131 at *2 ("[t]he principles and objectives expressed in Heck v. Humphrey apply as well to a person subject to an involuntary civil commitment as to a convicted prisoner serving a sentence"). See also Coffman v. Blake, 156 Fed.Appx. 863 (8th Cir. 2005) (unpublished opinion) (affirming dismissal of civil lawsuit brought by civilly committed offender, which included claims barred by Heck).

Because Plaintiff is challenging the legality of his confinement pursuant to a state court judgment, he can seek relief in federal court only by means of a habeas corpus petition. Thus, Plaintiff's current civil complaint fails to state a cause of action on which relief can be granted.

4

The Court has considered whether Plaintiff's current pleading could be construed to be a habeas corpus petition, and entertained as such. Indeed, Plaintiff's amended complaint alludes to the federal habeas corpus statute, (28 U.S.C. § 2254), and it appears that Plaintiff might believe he can somehow apply for a writ of habeas corpus by means of a civil complaint, rather than an actual habeas corpus petition. However, Plaintiff cannot seek a writ of habeas corpus in federal court at this time, regardless of how his current pleading is treated, because he has not exhausted all available state court remedies for challenging his civil commitment, as required by 28 U.S.C. § 2254(b). See Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (internal quotation marks and citations omitted). Plaintiff commenced this action on September 14, 2012 – just four days after his civil commitment order was entered in the state court. It is therefore obvious that Plaintiff has not yet pursued the state appeal process prescribed for civil commitment proceedings. Minn.Stat. § 253B.19.[3] Because Plaintiff has not yet exhausted his available state court remedies, he

---

[3] Depending on the true nature of Plaintiff's claims, there might also be a state court remedy available to him under Minnesota's state habeas corpus statute, Minn.Stat. 589.01, et seq. See Beaulieu v. Minnesota Dept. of Human Services, 798 N.W.2d 542, 546 (Minn.App. 2011) ("It is well-established that a person who is civilly committed 'can test the legality of his confinement by habeas corpus,' although 'the scope of inquiry is limited.'") (quoting State ex rel. Anderson v. United States Veterans Hosp., 268 Minn. 213, 217, 128 N.W.2d 710, 714 (1964)). See also Minn.Stat. § 253B.23, subd. 5 (Minn.Stat. 253B "shall not be construed to abridge the right of any person to the writ of habeas corpus").

is not presently eligible for federal habeas review of his civil commitment.[4]

For the reasons discussed above, the Court finds that Plaintiff's current pleading fails to state a cause of action that can be entertained in federal court at this time. The Court will therefore recommend that Plaintiff's IFP application be denied, and this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will recommend that this case be dismissed without prejudice, so that Plaintiff will still be eligible to seek relief in a habeas corpus petition brought under 28 U.S.C.§ 2254 after he has exhausted all of his available state court remedies for challenging the legality of his confinement.

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket Nos. 2 and 7), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: November 2, 2012

---

[4] Plaintiff's amended complaint also alludes to the federal removal statutes, 28 U.S.C. §§ 1441 et seq., suggesting that Plaintiff thinks his state civil commitment case might somehow be removable to federal court. That cannot be done, however, because Plaintiff's civil commitment case could not have been initiated in federal court. See Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000) ("[a] defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court").

                    <u>*s/ Jeffrey J. Keyes*</u>
                    JEFFREY J. KEYES
                    United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 19, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.